THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT, v. CORNELIUS FURGUESON, RESPONDENT, IMPLEADED WITH JAMES JOURDAN, AND OTHERS.

*Chapter* 604 *of* 1875 — *not unconstitutional as regulating commerce.*

Chapter 604 of 1875 prohibiting the deposit of carrion, offal or dead animals in the rivers and bays therein mentioned, or its transportation through the same, except subject to the restrictions therein prescribed, is in the nature of a police regulation, and is not unconstitutional as encroaching upon the powers of Congress to regulate commerce.

APPEAL by the plaintiff from a judgment rendered at Special Term in favor of the defendants.

The action was brought to restrain the defendant Furgueson, a shore inspector appointed under chapter 604 of 1875, and the police commissioner of Brooklyn, from interfering with or arresting the persons employed by the board of police of New York in removing ashes and street refuse upon scows and casting the same into the sea outside of the harbor of New York.

*William C. Whitney*, for the appellant.

*Winchester Britton*, for the respondent.

PER CURIAM:

The act of 1875, chapter 604, was passed to prevent the deposit of carrion, offal or dead animals in the North and East rivers, or in

the Bay of New York, or Raritan bay, within the jurisdiction of the State of New York.

It is declared by the first section that it shall not be lawful for any person or persons to throw or cast any dead animals, carrion, offal, or other putrid or offensive matter in the waters of the North and East rivers adjoining the counties of New York, Kings, Port Richmond, or in the Bay of New York, or in Raritan bay, within the jurisdiction of this State, or in the waters of Jamaica bay.

By the second section it is declared that it shall not be lawful for any person to sail, navigate, or move, or aid, or direct, or assist in sailing, navigating, or moving, or to be employed upon or to accompany any boat or vessel, containing any such animal or material as aforesaid, through or upon the waters of that part of New York bay known as the narrows, and lying between Forts Wadsworth and Hamilton, or any part of said bay south of said narrows, with the intent or for the purpose of throwing or casting such animal or material, or any portion thereof, into the ocean or sea, or into any portion of the waters mentioned in the act, without a permit in writing first obtained therefor, from the inspector to be appointed under the act, who shall have the power of granting such permits from time to time as he shall deem proper, and which shall not be inconsistent with the first section of the act; and having such regard to the course and condition of the then existing winds and tides as, in his judgment, shall best tend to prevent the subsequent return or deposit of any such contents of said boat or vessel within the waters of this State, if cast upon the waters beyond the jurisdiction thereof.

The object of the act was, by a proper system of espionage, to prevent the casting of offal into the bays named, or into the ocean, except at such time and in such manner as would prevent its return into the waters of the bays and rivers named, or to the shores of either. This object is connected with the purity of the waters and the sanitary condition of the shores which, by the return and accumulation of offal or garbage, would be affected to some extent. The act is therefore, one in the nature of a police regulation not designed to interfere with commerce in any respect, but with the transportation of offal with the intent of depositing it in the places named in the act. Its provisions do not abso-

lutely prohibit the transportation of offal or garbage, but conditionally only; the right to do it depending upon the permit to be obtained from the inspector. It, indeed, contemplates the removal of offal and garbage and its deposit in the waters designated in the act; but at such a time and under such circumstances as the inspector may regard as best calculated to prevent the evil which the act was designed to correct. The object of the act was not to interfere with, or regulate, or control commerce in any general sense, or to control it in any particular sense, but to prohibit the use of the navigable waters named for purposes which might result in an epidemic or in affecting the healthiness of the bays or rivers mentioned in the act.

It would seem that this statement of the characteristics of the act would be sufficient in itself to demonstrate, that it in no way encroaches upon the power of Congress to regulate commerce or navigation, and is, therefore, not unconstitutional.

The views expressed by the learned judge presiding at the Special Term we think were correct, and that the disposition made of the case by him is unassailable. The judgment should, therefore, be affirmed with costs.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment affirmed with costs.